[No. 24096.  Department One.  December 28, 1932.]

PETER EGGE, *Respondent,* v. WEST DEPENDABLE STORES, *Appellant.*[1]

*Rigg, Brown & Halverson,* for appellant.
*Phil G. Warnock,* for respondent.

MITCHELL, J.—This is an action in conversion, brought by Peter Egge against West Dependable Stores, a corporation. The article converted was a machine for popping corn, of the value of $525, in which amount plaintiff recovered judgment. The defendant has appealed.

The assignments of error question the findings of fact and conclusions of law in favor of respondent. It appears that the respondent conducted a restaurant

[1]Reported in 17 P. (2d) 609.

business in Everett, Washington, at which time he was a customer of the Red Robin Stores, Inc., which was engaged in the grocery business in that city. By agreement between them, respondent stored the machine in the store building occupied and used by the Red Robin Stores, Inc.

The appellant, West Dependable Stores, a corporation, with its principal place of business in Yakima, owned a number of grocery stores in different sections of the state. It purchased the capital stock of the Red Robin Stores, Inc., and took possession of the grocery store in Everett. The appellant knew, according to the preponderance of the evidence, that the purchase of the grocery business in Everett did not include the machine. The president and general manager of the Red Robin Stores, Inc., testified that he told Mr. West, the president of the appellant corporation, that the machine belonged to Mr. Egge. An employee in the office of the grocery company at Everett testified that she told Mr. West, the president of the appellant corporation, that the machine belonged to Mr. Egge. Mr. West denied having received such notice, but we think the weight of the evidence is against him.

After purchasing the Everett business, appellant moved the machine to Yakima. The president of appellant corporation testified that the machine was carried to Yakima, the head office of the corporation, because fixtures they used in their business were stored in that city; that

"A. We concentrate all fixtures we are not using in one place. Q. What is the purpose of that? A. The office of the stores is in Yakima and all the buying arises there and all the fixtures when we require any fixtures are concentrated in Yakima. I find that is the most practical way of keeping track of what we have and in purchasing any fixtures we are able to make a

more advantageous trade by having the fixtures in one place.''

The machine, with other of appellant's property, was stored by appellant in the warehouse of a third party in Yakima, where it was destroyed by fire. Respondent neither consented nor did he know that the machine had been moved from Everett until after it had been destroyed.

Thus, by a clear preponderance of the evidence, it appears that the appellant, knowing the machine belonged to the respondent, took it, without respondent's knowledge or consent, from Everett to Yakima, and treated it as its own until it was destroyed by fire in the general storage warehouse of a third party of appellant's own choosing. The evidence sustains the findings, conclusions and judgment of conversion, as charged in the complaint.

The value of the machine as determined by the findings and judgment was clearly proven by competent evidence. The motion for a new trial was properly denied.

Affirmed.

TOLMAN, C. J., MILLARD, HOLCOMB, and PARKER, JJ., concur.